# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**EUGENE COLLINS**
**ADC # 138950**                                                      **PLAINTIFF**

**V.**                           **CASE NO. 3:12CV00208 DPM/BD**

**MIKE ALLEN, et al.**                                               **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge D.P. Marshall Jr.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   **Discussion**:

Eugene Collins, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983, complaining about his time spent in the Crittenden County Detention Center ("CCDC") while waiting for a bed to open at the ADC Technical Violator Center.  (docket entry #2)  Mr. Collins claims that a gun was brought into the facility, which an inmate used to commit suicide.  CCDC officials then removed a television so the inmates could not watch news about the suicide.  Mr. Collins's "well being was in jeopardy, and [he] felted stress out and very uncomfortable."  (#2, p. 4)

Mr. Collins believes he should not have been placed in the technical violator program for his parole violation.  He also complains that his parole officer refused to sign off on a three day furlough so he could attend his aunt's funeral.  His parole officer's supervisor also refused the request.  (#2, p. 5)

As a result of all of this, Mr. Collins alleges he suffered mental anguish, stress, and agony.  (#2, p. 6)  He now requests compensation because the inmate with the gun could have shot him or "other innocent people."  (#2, p. 6)  None of these complaints come anywhere close to stating a claim for relief.

First, no potential violation of CCDC policy that allowed the gun into the facility could state a claim. Even if CCDC officials flouted their policies, Mr. Collins still would not have a claim in this regard. The Constitution simply does not require prison officials to follow internal prison policies and procedures. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

If Mr. Collins is attempting to raise a failure to protect claim, he has not shown that he was incarcerated under conditions posing a substantial risk of serious harm. *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007). A gun in the detention facility is serious. Mr. Collins's claim that he was potentially in danger on this one occasion, however, is insufficient. Even if it was sufficient, his claims would still fail because he did not suffer a compensable injury.

Mr. Collins claims mental anguish, stress, and agony as injuries. (#2, p. 6) A prisoner must ordinary suffer a physical injury before bringing an action for mental or emotional injury. *Minneci v. Pollard*, 132 S.Ct. 617, 625 (2012) (citing 42 U.S.C. § 1997e(e)).

As a parolee, Mr. Collins has a liberty interest in his conditional freedom. *Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011) (citing referenced omitted). Mr. Collins admits, however, that he actually violated his parole and "signed for it." (#2, p. 5) In certain circumstances, a parolee may agree to placement in the technical violator center instead of facing parole revocation. It appears that is what occurred here. Instead

of contesting his violation, Mr. Collins signed for it.  Mr. Collins has no federal claim

regarding this decision.

**III.**   **Conclusion:**

The Court recommends that Mr. Collin's claims be summarily DISMISSED, with

prejudice, and that this dismissal count as a "strike" for purposes of 28 U.S.C.

§ 1915(g).  In addition, the Court should certify that an *in forma pauperis* appeal of this

dismissal would be frivolous and would not be taken in good faith.

DATED this 10th day of September, 2012.

_____

UNITED STATES MAGISTRATE JUDGE